IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **CRIMINAL ACTION** |
| | : | **NO. 18-230** |
| **THOMAS DOUGHER** | : | |

<u>**MEMORANDUM**</u>

**SCHMEHL, J.** <u>*s/JLS*</u>                                                                                                   **FEBRUARY 23, 2021**

**I.**     **INTRODUCTION**

Defendant pled guilty to nine counts of bank robbery, in violation of 18 U.S.C. § 2113(a). The Court sentenced Defendant to a term of imprisonment of 48 months which was nine months below the low end of the federal sentencing guideline range of 57-71 months. The Court also sentenced Defendant to three years of supervised release. Presently before the Court is the Defendant's *pro se* motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) in which Defendant seeks reduction of his sentence to time served citing an enhanced risk of contracting COVID-19. For the following reasons, the Defendant's motion is denied.

The Defendant is currently serving his sentence at FCI-Schuylkill, with an anticipated release date of June 22, 2021.[1] The Court is informed that Defendant has served approximately 36 months and has received credit for good conduct time of approximately four months, for total time served of approximately 40 months. Therefore, Defendant has served approximately 83.3% of his total term of incarceration. Unfortunately, the Court is further informed that in March 2020, Defendant attempted to

---

[1] At the time he filed his motion, Defendant was serving his sentence at FCI-Danbury in Connecticut.

assault a staff member at FCI-Danbury (ECF 49-1). Following a hearing, Defendant lost 27 days of good credit time; was placed in disciplinary segregation for 30 days; and lost three months of commissary and visitation privileges. (*Id*.) Defendant has exhausted his remedies by making a request for compassionate release to the warden at FCI-Danbury, which was denied.

## II. LEGAL STANDARD

As a general rule, a district court may not modify a defendant's sentence after it has been imposed. 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 825, (2010). However, the First Step Act provides for a compassionate release exception to that general rule, stating that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised **release** with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction;
> * * *
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A); see also U.S.S.G. § 1B1.13 (stating that the court may reduce a term of imprisonment if it finds, after consideration of the factors in § 3553(a), that "[e]xtraordinary and compelling reasons warrant the reduction," "[t]he defendant is not a danger to the safety of any other person or to the community," and "[t]he reduction is consistent with this policy statement"). Although neither U.S.S.G. § 1B1.13 nor Congress defines the term "extraordinary and compelling," the Sentencing

Commission's commentary to § 1B1.13, provide guidance. See U.S.S.G. § 1B1.13 cmt. n.1. The commentary provides that "extraordinary and compelling reasons" can include (1) certain specified serious medical conditions (a terminal illness or a serious medical condition "that substantially diminishes the ability of the defendant to provide self-care" in prison and "from which he or she is not expected to recover"); (2) the defendant's advancing age (over 65), in combination with a serious deterioration of his health and his successful completion of at least 10 years or 75% of his sentence; (3) the defendant's family circumstances, and (4) "[o]ther [r]easons ... [a]s determined by the Director of the Bureau of Prisons" to be extraordinary and compelling, either alone or in combination with the three prior reasons. U.S.S.G. § 1B1.13, cmt. n.1.

In *United States v. Raia*, 954 F.3d 594 (3d Cir. 2020), our Court of Appeals considered a compassionate release petition based on the existence of COVID-19 and stated that it:

> [does] not mean to minimize the risks that COVID-19 poses in the federal prison system, particularly for [older inmates with pre-existing conditions]. But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.

*Id*. at 597 (citation omitted). Likewise, "the existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner within our Circuit." *United States v. Roeder*, 807 Fed. Appx. 157, 161 n.16 (3d Cir. 2020).

### III. DISCUSSION

The government informs the Court that there are currently approximately 160 reported cases of COVID-19 at FCI-Schuylkill out of a total prison population of 1035 inmates. There have been no COVID-related deaths. The disturbing presence

of COVID-19 at the prison, however, does not entitle every offender with a medical condition to compassionate release. See *Roeder*, 807 Fed. Appx. at 161 n.16. Rather, Defendant must establish that the risks to him, in light of his individual medical conditions and other circumstances, are so extraordinary and compelling that the Court should release him prior to the completion of his 48-month sentence.

Defendant claims that he suffers from Type 1 diabetes and mild obesity which he claims in combination with the presence of COVID -19 at FCI-Schuylkill constitute extraordinary and compelling reasons for his release. The Center for Disease Control ("CDC") recently updated its list of risk factors for contracting COVID-19 on December 23, 2020. *See https://www.cdc.gov/coronavirus/2019-ncov/need-extraprecautions/people-with-medical-conditions.html.* The document presents a list of conditions that certainly present a risk, and a separate list of conditions regarding conditions for which there is insufficient data to conclude anything other than that these conditions "might" put a person at risk. This Court, as well as others, have held that conditions on the second list do not present an "extraordinary and compelling reason" for release under the compassionate release statute. *United States v. Hill*, 2020 WL 6202322, at *3 (E.D. Pa. Oct. 22, 2020) (Schmehl, J.) (court will not consider a condition in the "might" category); *United States v. Moldover*, 2020 WL 6731111, at *9 (E.D. Pa. Nov. 13, 2020) (Slomsky, J.) ("District courts have routinely denied motions for compassionate release based on allegations of only potential COVID-19 risk factors, including asthma and hypertension."); *United States v. Alejo*, 2020 WL 6122528, at *1 (S.D. Ga. Oct. 16, 2020) ("at this point, the Court cannot conclude that the "might" category qualifies an illness as sufficiently serious to warrant compassionate release in and of itself.").

Defendant is 43 years old which is below what the Sentencing Commission considers to be advancing age. Defendant's medical records reveal that Defendant presents with type 1 diabetes (ECF 50). He has been treated by an endocrinologist for type 1 diabetes since at least 2010. PSR ¶¶ 139-143. As of January 2020, Defendant had a body mass index ("BMI") of 28.1 (ECF 50). Plaintiff's BMI is below the CDC's obesity threshold of 30. Defendant is fully ambulatory and engages in all normal activities of daily living ("ADL"). (*Id*.) Defendant's conditions of type 1 diabetes and mild obesity do not appear on the CDC's list of "certain" risk factors.

In sum, Defendant's medical conditions and history do not present an extraordinary and compelling reason for his compassionate release. But even if Defendant presented an extraordinary and compelling reason to warrant his release, consideration of the § 3553(a) factors necessitate a denial of Defendant's motion.

Defendant has a penchant for robbing banks whenever he needs funds. Specifically, between May 7, 2007, and June 11, 2007, Defendant committed eight bank larcenies and attempted bank robberies in Pennsylvania and Virginia. PSR ¶ 115. On January 4, 2008, Defendant pled guilty to charges relating to that conduct, and was sentenced to 37 months' imprisonment, to be followed by 2 years of supervised release. *Id*. Later, between July 29, 2017 and December 29, 2017, the Defendant committed eight additional bank robberies in Pennsylvania, New Jersey, New York, and Delaware. According to Defendant, he committed these robberies to finance his drug addiction and to pay for insulin to treat his diabetes. PSR ¶ 40. Therefore, Defendant needs to serve all of his 48-month incarceration in order to deter the Defendant and others from robbing banks as well as to protect the public from the risk of recidivism.

In sum, the Court simply cannot conclude that Defendant's own conditions, together with the current conditions at FCI-Schuylkill, provide any extraordinary and

compelling reason that warrants a sentence reduction at this time, particularly where Defendant does not suffer from a condition listed on the CDC's list, has committed 16 bank robberies and attempted to assault a staff member during his incarceration at FCI-Danbury.

## IV. CONCLUSION

    For the foregoing reasons, the Court denies the Defendant's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  An appropriate Order follows.